IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Jim Bleyenberg, | : | |
| Plaintiff | : | Civil Action 2:12-cv-00777 |
| v. | : | |
| D&N Masonry, Inc., *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

# ORDER

This matter is before the Court on plaintiff Jim Bleyenberg's May 27, 2013 unopposed motion for summary judgment (doc. 75). Plaintiff Bleyenberg brings this action for back pay, treble damages, interest, and reimbursement of his costs and attorney fees in prosecuting this action under the Fair Labor Standards Act ("FLSA"),(29 U.S.C. § 201, *et seq*.); Ohio's Minimum Fair Wage Standards Act (Ohio Revised Code Chapter 4111); and the Minimum Wage Amendment to Ohio's Constitution (Art. II, Sec. 34a, Ohio Constitution). Plaintiff also seeks unpaid wages and liquidated damages under Ohio Rev. Code § 4113.15 from defendants.

<u>Summary Judgment</u>. Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting the absence or presence of a genuine dispute must support that assertion by either "(A) citing to particular parts of materials in the record, including depositions, documents, electron-

ically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials"; or "(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

A party may object that the cited material "cannot be presented in a form that would be admissible in evidence," and "[t]he burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated." Fed. R. Civ. P. 56(c)(2); Fed. R. Civ. P. 56 advisory committee's note. If a party uses an affidavit or declaration to support or oppose a motion, such affidavit or declaration "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

While the court must consider the cited materials, it may also consider other materials in the record. Fed. R. Civ. P. 56(c)(3). However, "[i]n considering a motion for summary judgment, the district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Revis v. Meldrum*, 489 F.3d 273, 279 (6th Cir. 2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "The central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as

a matter of law.'" *Id.*, 489 F.3d at 279–80 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)).

When a motion for summary judgment is unopposed, the Court may properly limit its review to the facts relied on by plaintiff. It has no duty to search the record. *Guarino v. Brookfield Twp.*, 980 F.2d 399, 404-05 and 407 (6th Cir. 1992).

<u>Discussion</u>. Plaintiff Bleyenberg supported his motion for summary judgment with an affidavit. In his affidavit, plaintiff stated that he had worked for D&N Masonry, Inc. ("D&N") as a journeyman bricklayer in 2011 and 2012. Doc. 75-1; Bleyenberg Aff. at ¶ 3. Don DeBello told plaintiff and the other bricklayers that he was not making enough money to pay them the prevailing wage or overtime. *Id.* at ¶ 4. Don DeBello also told them that certain jobs were not prevailing wage jobs when they were. *Id.* at ¶ 5. Plaintiff was typically paid $20.00 per hour even if he was entitled to the prevailing wage or overtime pay. *Id.* at ¶ 9.

Plaintiff was supposed to paid prevailing wage rates by D&N on the City of Marysville County Home Road Fire Station project and the Police and Court Facility project ("Marysville Projects"). He was also supposed to be paid prevailing wage rates on the Marietta Municipal Court Additions and Alterations project ("Marietta Project") and the Co-Occurring Facility at Jackie Withrow Hospital project ("Withrow Project"). *Id.* at ¶ 10. Plaintiff was only paid $20.00 per hour on the Marietta Project and the Withrow Project. He was not paid at all for the 205.5 hours that he worked on the Marysville Projects. *Id.* at ¶ 11. Plaintiff was not paid an overtime rate of $30.00 per hour ($20.00 x

1.5) for at least 200 hours worked in 2011. Instead, he was paid $20.00 per hour for those hours. *Id.* at ¶ 12.

The prevailing wage rate on the Marysville Projects was $41.34 per hour. *Id.* at ¶ 15. The prevailing wage rate on the Marietta Project was $39.90 per hour. *Id.* at ¶ 28. Plaintiff worked 184 hours on he Marietta Project, and D&N only paid him 20.00 per hour. *Id.* at ¶ 29. The prevailing wage on the Withrow Project was $44.95 per hour. *Id.* at ¶ 32.

Plaintiff received $17,092.64 from collateral sources related to his claims. *Id.* at ¶ 39.

The FLSA mandates that employers pay a minimum wage to covered employees for each hour worked and pay overtime for work in excess of 40 hours per workweek. 29 U.S.C. §§ 206(a)(1), 207(a)(1). Section 4111.14 of the Ohio Revised Code and Article II, Section 34a of Ohio's Constitution require a higher minimum wage than FLSA.

An employer subject to the FLSA's provisions is obligated to maintain records concerning his employees and their wages, hours, and other conditions of their employment. 29 U.S.C. § 211(c). A failure to maintain such records is a violation of the FLSA. 29 U.S.C. § 215(a)(5). In the absence of proper employer records, employees have a lenient burden of proof. *Anderson v. Mr. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). If a plaintiff produces sufficient evidence to establish the amount and extent of his work, then the burden shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence that negates the reasonable inference drawn from the

Case: 2:12-cv-00777-EPD Doc #: 90 Filed: 08/08/13 Page: 5 of 11  PAGEID #: 466

employee's inference. *Herman v. Palo Group Foster Home*, 183 F.3d 468, 472 (6th Cir. 1999). Here, D&N and the DeBello defendants failed to keep or produce records of plaintiff's hours worked.

Under the FLSA, plaintiff meets the definition of "employee". 29 U.S.C. § 203(e)(1).  D&N and the DeBello defendants are "employers" as defined in the FLSA. 29 U.S.C. § 203(d). "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Dole v. Elliott Travel & Tours, Inc.*,  942 F.2d 962, 965 (6th Cir. 1991)(quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir.1983)).

D&N and the DeBello defendants were required to compensate Plaintiff at the rate of 1.5 times his regular hourly rate of pay for hours worked after 40 in one workweek. 29 U.S.C. § 207(a)(1). D&N and the DeBello defendants failed to do so with respect to 200 hours plaintiff worked in 2011 and 2012. (Doc. 75-1, Bleyenberg. Aff. ¶ 12.) Because D&N and the DeBello defendants failed to keep or produce records of hours worked, plaintiff's approximation of hours worked is permitted under *Mt. Clemmons Pottery*, 328 U.S. at 687-88. Plaintiff was only paid $20.00 per hour instead of $30.00 per hour—a $10.00 per hour difference. (Doc. 75-1, Bleyenberg. Aff. ¶ 12; Doc. 75-2, Req. Admis. ¶ 13.) As such, plaintiff is entitled to back wages in the amount of $2,000.00, which is $10.00 per hour worked multiplied by 200 hours worked. (Doc. 75-1, Bleyen-

5

berg. Aff. ¶ 13.) In addition, under 29 U.S.C. § 216(b), plaintiff is entitled to liquidated damages in the amount of $2,000.00.

The FLSA requires payment of a minimum rate of wages for all hours worked in a workweek:

> Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: . . . $7.25 an hour . . . .

29 U.S.C. § 206(a)(1)(C). There is no factual dispute that D&N and the DeBello defendants employed plaintiff on the Marysville Projects and paid him $0.00 per hour for 205.5 hours of work. ( Doc. 75-1, Bleyenberg Aff. ¶¶ 10-11, 15-27; Doc. 75-2, Req. Admis. ¶ 18.) Plaintiff is entitled to payment of minimum wages under 29 U.S.C. § 206(a) and Ohio Rev. Code § 4111.14(B); Art. II, Sec. 34a, Ohio Constitution. Because defendants violated Federal and Ohio law by failing to pay minimum wages to plaintiff for 205.5 hours, plaintiff is entitled to back pay, Federal liquidated damages under 29 U.S.C. § 216(b) in the amount of $1,489.88, and Ohio damages under Art. II, Sec. 34a of Ohio's Constitution in the amount of $3,164.70.

The Marysville Projects and the Marietta Projects were subject to Ohio's prevailing wage law. *See* Ohio Rev. Code Chapter 4116. In addition to back wages, the defendants are required to pay penalties to the employee and the Ohio Department of Commerce. Ohio Rev. Code § 4115.10(A). D&N and the DeBello Defendants failed to pay plaintiff $8,495.37 for hours that he worked on the Marysville Projects and $3,661.60 for

6

hours that he worked on the Marietta Project. (Doc. 75-1, Bleyenberg Aff. ¶¶ 15-18, 28-31; Doc. 75-2, Req. Admis. ¶¶ 15-16.)Because D&N and the DeBello defendants violated Ohio Rev. Code § 4115.10(A), plaintiff is awarded back wages in the amount of $8,495.37 for the Marysville Projects and in the amount of $3,661.60 for the Marietta Project; and penalties in the amount of $2,123.84 for the Marysville Projects and in the amount of $915.40 for the Marietta Project.

The Withrow Project was subject to West Virginia's prevailing wage law. *See* W. Va. Code § 21-5A-9(b). D&N and the DeBello defendants failed to pay Plaintiff $4,990.00 for hours he worked on the Withrow Project. (Doc. 75-1, Bleyenberg Aff. ¶¶ 32-35; Doc. 75-2, Req. Admis. ¶¶ 12, 17.) Because D&N and the DeBello defendants violated West Virginia's prevailing-wage law, plaintiff is awarded back wages in the amount of $4,990.00 under W. Va. Code. § 21-5A-9(b) and penalties in the amount of $4,990.00 under W. Va. Code. § 21-5A-9(b). Plaintiff is permitted to collect $9,980.00 from D&N's $20,000.00 Wage Payment Collection Surety Bond No. 41229964 issued by Platte River Insurance Company under W. Va. Code § 21-5-14(d).

D&N and the DeBello defendants violated Ohio Rev. Code § § 4113.15(A) and (B) by failing to pay Plaintiff his weekly wages within thirty days of earning them. Plaintiff has demonstrated he is owed back overtime wages, minimum wages, and prevailing wages. As such, plaintiff is entitled to judgment against D&N and the DeBello defendants for violating Ohio Rev. Code § 4113.15(A) and, under Ohio Rev. Code § 4113.15(B), plaintiff is owed an additional $509.72, that is, 6% of the $8,495.37 in unpaid wages on

7

the Marysville Projects; an additional $519.10, that is, 6% of the $8,651.60 in unpaid wages on the Marietta and Withrow Projects; and an additional $200.00—which is greater than 6% of $2,000.00—in back overtime wages. (Doc. 75-1, Bleyenberg Aff. ¶¶ 36-38.)

Conclusion. Plaintiff Jim Bleyenberg's May 27, 2013 unopposed motion for summary judgment (doc. 75) is GRANTED. The Clerk of Court is DIRECTED to enter judgment against defendants D&N and the DeBello defendants as follows:

1. Defendants D&N Masonry, Inc, Don DeBello, Nick DeBello, and Cathy DeBello ("D&N and the DeBello defendants"), as employers under the respective wage-and-hour laws, are jointly and severally liable for defendant D&N Masonry, Inc.'s wage-and-hour violations.

2. By failing to pay plaintiff 1.5 times his regular rate of pay for 200 hours worked in 2011 and 2012, D&N and the DeBello defendants violated 29 U.S.C. § 207(a) and, as such, are liable to plaintiff under 29 U.S.C. § 216(b) in the amount of $2,000.00 for back pay and an additional $2,000.00 for liquidated damages, for a grand total of $4,000.00.

3. By failing to pay Plaintiff at all for 205.5 hours worked on the two Marysville Projects, D&N and the DeBello Defendants violated 29 U.S.C. § 206(a)(1)(C), Ohio Rev. Code § 4111.14, Article II, Section 34a of the Ohio Constitution, and Ohio Rev. Code § 4115.10(A) and, as such, are liable to Plaintiff:

    (a)    under 29 U.S.C. § 216(b), in the amount of $1,489.88 as and for back pay and an additional $1,489.88 as and for liquidated damages;

    (b)    under Ohio Rev. Code § 4111.14(J)-(K) and Article II, Section 34a of the Ohio Constitution, in the amount of $1,582.35 as and for back pay and an additional $3,164.70 as and for damages; and

    (c)    under Ohio Rev. Code § 4115.10(A), in the amount of $8,495.37 as and for back pay and an additional $2,123.84 as and for penalties.

    (d)    Believing he can only receive *back wages* under one law, Plaintiff elects his back wages under Ohio Rev. Code § 4115.10(A) because that section permits him the largest recovery, but believes *damages and penalties* under the other wage-and-hour laws remain due and owing.

    (e)    Therefore, Plaintiff's grand total claim under all wage-and-hour laws for his work on the two Marysville Projects equals $15,273.79 (that is, $1,489.88 in FLSA damages plus $3,164.70 in Ohio Constitution damages plus $8,495.37 in back prevailing wages plus $2,123.84 in prevailing wage penalties).

4.    By failing to pay plaintiff full prevailing wages for hours he worked on the Marietta Project, D&N and the DeBello defendants violated Ohio Rev. Code § 4115.10(A) and, as such, are liable to plaintiff under Ohio Rev. Code

§ 4115.10(A) in the amount of $3,661.60 as and for back pay and an additional $915.40 as and for penalties, for a grand total of $4,577.00.

5. By failing to pay plaintiff full prevailing wages for hours he worked on the Withrow Project, D&N and the DeBello defendants violated W. Va. Code § 21- 5A-9(b) and, as such, are liable to plaintiff under W. Va. Code § 21-5A-9(b) in the amount of $4,990.00 as and for back pay and an additional $4,990.00 as and for penalties, for a grant total of $9,980.00.

6. By failing to pay plaintiff his wages in full when due as required under Ohio Rev. Code § 4113.15(A), D&N and the DeBello Defendants are liable to plaintiff under Ohio Rev. Code § 4113.15(B):

 (a) for 6% of the unpaid back wages on the two Marysville Projects, that is, $509.72;

 (b) for 6% of the unpaid back wages on the Marietta and Withrow Projects, that is, $519.10;

 (c) for $200 with respect to unpaid overtime wages; and

 (d) for a grant total amount $1,228.82.

7. Without respect to attorneys' fees and costs, which will be considered after judgment, D&N and the DeBello Defendants are jointly and severally liable to Plaintiff in the amount of $35,059.61.

8. Permitting D&N and the DeBello defendants a setoff of amounts paid to plaintiff by non-employer third parties with respect to his claims asserted

   herein in the amount of $17,092.64, D&N and the DeBello defendants are jointly and severally liable to plaintiff in the amount of $17,966.97.

9.  The Clerk shall release $14,557.00 of $32,557.00 held (or if less is held, then 44% of attached funds) to Plaintiff under Ohio Rev. Code § 2715.37.

            s/Mark R. Abel
            United States Magistrate Judge