**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JIM BLEYENBERG, | * | |
| | | Case No. 2:12-cv-777 |
| *Plaintiff,* | * | |
| | | Judge George C. Smith |
| v. | * | |
| | | |
| D&N MASONRY, INC., NICK DEBELLO, | * | ORDER GRANTING PLAINTIFF'S |
| DON DEBELLO, CATHY DEBELLO, AND | | MOTION FOR SUPPLEMENTAL |
| PRIME MASONRY CONSTRUCTION, INC., | * | ATTORNEY'S FEES (DOC. 134) |
| | | |
| *Defendants.* | * | |

This civil action is before the Court on Plaintiff's Motion for Supplemental Attorney's Fees filed on April 9, 2015 ("Motion"). (Doc. 134.) Defendants have not opposed the Motion, and the time for doing so has now passed. Plaintiff's Motion is now ripe for determination.

## I. BACKGROUND

Plaintiff, through the Motion, has requested the Court to award him his attorney's fees incurred in obtaining and collecting judgments against all the Defendants, that is, D&N Masonry, Inc., Nick DeBello, Don DeBello, Cathy DeBello, and Prime Masonry Construction, Inc. Notably, each claim for relief contained a mandatory statutory fee and cost shift. 29 U.S.C. § 216(b) (FLSA Minimum Wage and Overtime); Ohio Rev. Code § 4115.10(A) (Ohio Prevailing Wage); Ohio Rev. Code § 4111.10(A) (Ohio Overtime); Ohio Const., Art. II, Sec. 34a (Ohio Minimum Wage); W. Va. Code § 21-5A-9(b) (West Virginia Prevailing Wage). An underpaid worker, like Plaintiff, is permitted to file a supplemental motion for attorney's fees related to post-judgment collections efforts in a wage-and-hour dispute. *See, e..g., Van Dyke v. BTS Container Service, Inc.*, No. 3:08-cv-561, 2010 U.S. Dist. LEXIS 324 (D. Or. Jan. 4,

2010) (finding that "[w]ithout such an award, a judgment is a hollow victory for a plaintiff who was improperly paid").

The uncontested evidence shows that Plaintiff's attorney spent 103.5 hours collecting the initial judgments against Defendants D&N Masonry, Inc., Nick DeBello, Don DeBello, and Cathy DeBello and prosecuting the supplemental complaint against Defendant Prime Masonry Construction, Inc.  Plaintiff's counsel has previously been awarded $300.00 per hour in this case.  (Doc. 111.)  Although the loadstar method would result in a fee request of $31,050.00, Plaintiff's counsel requests the Court to award him $28,110.00, which is a reduction of $2,940.00 through the exercise of billing judgment, plus an additional 3% for prosecuting this fee petition, i.e., an additional $843.30, for a grand total fee award of $28,953.30.

## II.     DISCUSSION REGARDING THE LODESTAR CALCULATION

The Supreme Court has held that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983).  "Attorney's fees must be set in amount that is 'reasonable,' 29 U.S.C. § 216(b), and in recent times the starting point has been a "lodestar" calculation-the product of the number of hours reasonably spent on the case by an attorney times a reasonable hourly rate." *Moore v. Freeman,* 355 F.3d 558, 565 (6th Cir. 2004) (citing *Adcock-Ladd v. Sec'y of Treasury,* 227 F.3d 343, 349 (6th Cir.2000)).  After determining the "lodestar" figure, "[t]hat amount may then be adjusted upwards or downwards, as the district court finds necessary under the circumstances of the particular case." *Id.*  In determining the reasonableness of fees, the Court remains cognizant of "[t]he purpose of

the FLSA attorney fees provision" which "is 'to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances.'" *Dellarussiani v. Ed Donnelly Enterprises, Inc.*, No. 2:07-cv-253, 2010 U.S. Dist. LEXIS 69867, 2010 WL 2545349, at *2 (S.D. Ohio June 16, 2010) (*citing Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994); *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984)). Further, "[c]ourts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees [in a FLSA case] 'encourage[s] the vindication of congressionally identified policies and rights.'" *Id.* (*citing Fegley*, 19 F.3d at 1135; *United Slate*, 732 F.2d at 503)).

### A. The Requested Rate Is Reasonable

This Court has previously determined that $300.00 was a reasonable hourly rate for Plaintiff's counsel in this matter. *Doe v. Ohio,* No. 2:01-cv-464, 2010 U.S. Dist. LEXIS 72186, 2010 WL 2854106 at *4 (S.D. Ohio July 19, 2010) (noting court should consider "the hourly billing rates found by Ohio courts to be reasonable in similar cases for attorneys with similar experience"). Thus, the Court finds that $300.00 is a reasonable hourly rate.

### B. The Amount of Hours Expended Is Reasonable

The uncontested evidence shows that, since being awarded judgments in this matter, Plaintiff's counsel has collected over $80,000.00 without a single voluntary payment from the Defendants. Plaintiff's counsel successfully defended the judgments through several of the Defendants' personal and corporate bankruptcy proceedings, and pursued litigation and collections activity against successor entity Defendant Prime Masonry Construction, Inc. Plaintiff's counsel expended an additional 103.5 hours on this

matter since receiving the initial judgment in August 2013. However, as an exercise of billing judgment, Plaintiff's counsel has voluntarily reduced his hours to 93.7 hours, which the Court finds to be a reasonable amount of hours worked.

**C.     The Product of the Loadstar Calculation Plus Three Percent**

Multiplying the $300.00 rate by 93.7 results in a product of $28,110.00. With respect to a motion for fees, the Sixth Circuit permits counsel to request an additional 3% of the total fee award as compensation for prosecuting the motion. *E.g., Auto Alliance Int'l, Inc. v. United States Customs Serv.,* 155 Fed. Appx. 226, 229 (6th Cir. 2005) ("general rule is that, in the absence of unusual circumstances, the 'fees for fees' recovery should not exceed three percent of the hours in the main case which is decided without a trial"). Plaintiff is entitled to attorney's fees in the amount of $28,110.00 plus three percent, which equals $28,953.30.

### III.     CONCLUSION

Based on the foregoing, Plaintiff's request for an award of fees in the amount of $28,953.30 is **GRANTED**. IT IS THEREFORE ORDERED that **JUDGMENT** is hereby entered in favor of Plaintiff Jim Bleyenberg and against Defendants Prime Masonry Construction, Inc., D&N Masonry, Inc., Don DeBello, Nick DeBello, and Cathy DeBello, jointly and severally, in the amount of **$28,953.30**. The Clerk of Courts shall enter judgment accordingly.

**IT IS SO ORDERED.**

_s/ George C. Smith_
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**